UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GANA SEVERINA, individually and on
behalf of all others similarly situated,

                Plaintiff,                            **ORDER**
                                                  17 CV 382 (CLP)

              - against -

S.Y.M. INC., TKM KINGS HIGHWAY, LLC,
and YIANNIS MALLAS,

                Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On January 24, 2017, Gana Severina ("plaintiff") commenced this action against S.Y.M., Inc. ("S.Y.M."), TKM Kings Highway, LLC ("TKM Kings"), and Yiannis Mallas ("Mallas") (collectively, "defendants"), seeking damages based on a failure to pay proper overtime compensation, as well as liquidated damages, prejudgment interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 650 et seq. In addition, the Complaint alleges violations of the requirements to provide wage notices and accurate wage statements under the NYLL and New York Wage Theft Prevention Act.

       On April 13, 2017, the parties notified the Court that they had reached a settlement in principle to resolve all claims, and consented to proceed before the undersigned for all further proceedings. In light of the Second Circuit's decision in Cheeks v. Freeport Pancake House, courts are required to approve the fairness of settlements of claims brought under the FLSA. 796 F.3d 199, 206 (2d Cir. 2015); see also D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 (1947). Accordingly, on May 11, 2017, plaintiff's counsel filed a letter on behalf of the parties seeking

the Court's approval of the settlement. (See Pl.'s Ltr.[1]). The parties also submitted the proposed Settlement Agreement and Release (the "Settlement Agreement"). (See id., Ex. A).

On May 12, 2017, the Court notified the parties that one provision of the Settlement Agreement was of concern: the general release of claims. (Order[2] at 2-3). Accordingly, the Court directed the parties to be prepared to discuss at a fairness hearing why the Court should approve the proposed Settlement Agreement notwithstanding the concerns raised in the Court's Order. (Id. at 3).

On June 8, 2017, a fairness hearing was held before the undersigned. In plaintiff's letter and at the fairness hearing, the parties asserted that the proposed settlement of plaintiff's claims for a total of $14,000 is fair and reasonable. (Pl.'s Ltr. at 3-5). Of that amount, plaintiff will receive $10,125. (Id. at 2). Plaintiff claimed that she was employed by defendants from approximately 2007 until approximately December 2016 as a sales associate. (Id.) She claimed that during the relevant time period, she was paid a straight hourly rate of $9 per hour, and thus was not properly compensated at one-and-a-half times her hourly rate for overtime work performed. (Id.)

Plaintiff claimed that, from the beginning of her employment until approximately August 2013, she worked Mondays through Fridays, from 10:00 a.m. to 8:00 p.m. on two (2) of those days, and from 10:00 a.m. to between 8:10 and 8:15 p.m. on three (3) of those days. (Id.) Thus, plaintiff claimed that during that time, which encompassed approximately 127 weeks, she worked 10.75 overtime hours per week, for a total of 1,365.25 overtime hours. (Id.)

---

[1] Citations to "Pl.'s Ltr." refer to plaintiff's letter, filed on May 11, 2017.

[2] Citations to "Order" refer to the Court's Order, filed on May 12, 2017.

2

Additionally, plaintiff claimed that from August 2013 until approximately March 2014, plaintiff worked four (4) days per week, from 10:00 a.m. to 8:00 p.m. on two (2) of those days, and from 10:00 a.m. to between 8:10 and 8:15 p.m. on the remaining days. (Id.) Plaintiff further claimed that, approximately three (3) times per month, she worked from 10:00 a.m. to 8:30 p.m. (Id.) Thus, plaintiff claimed that during that time, which encompassed approximately thirty-four (34) weeks, she worked one (1) overtime hour per week, for a total of thirty-four (34) overtime hours. (Id.) For the duration of her employment, plaintiff claimed that she worked part-time and did not perform any overtime work. (Id.)

Plaintiff further claimed that defendants failed to provide her with accurate pay stubs. (Compl. ¶¶ 53-55). Accordingly, plaintiff claimed that, if she prevailed on her claims, she would be entitled to $17,593.26, comprised of: 1) $6,296.63 in unpaid overtime wages; 2) $6,296.63 in liquidated damages; and 3) $5,000.00 in statutory damages based on defendants' failure to provide accurate wage statements. (Pl.'s Ltr. at 2). However, defendants contend that plaintiff took lunch breaks and vacation days that would reduce the amount of damages to which plaintiff would be entitled. (Id.)

Thus, in recognition of defendants' potential defenses, as well as the desire to avoid "further litigation, trial, and motion practice," the parties contend that the proposed settlement, which constitutes approximately eighty percent (80%) of her potential damages, is fair and reasonable. (Id. at 1-2). The parties also claim that the settlement amount was the result of arms-length negotiations by counsel. (Id. at 2).

As for attorneys' fees, plaintiff's counsel will receive $3,875, constituting $500 in costs and twenty-five percent (25%) of the remaining settlement amount. (Id.) Plaintiff's counsel

notes that they accepted this case on a contingency basis, such that they have not been compensated for their work performed on the case to this point. (Id.) Additionally, counsel submitted their time records to the Court for review. (Id., Ex. B).

During the fairness hearing, the Court addressed its concerns with the general release provision of the proposed Settlement Agreement. The proposed Settlement Agreement provides that plaintiff waives and releases defendants from "any and all claims for damages . . . that could have been brought" under a number of statutes, and specifically references the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Reconstruction Era Civil Rights Act, the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Equal Pay Act of 1963, the Older Workers' Benefit Protection Act of 1990, the Worker Adjustment and Retraining Notification Act of 1988, the New York State Human Rights Law, the New York Civil Rights Law, the New York State Insurance Law, and the New York City Human Rights Law. (Id., Ex. A ¶ 3). Defendants recognized that courts in this circuit have been reluctant to approve settlement agreements that contain general releases of claims, but nevertheless took the position that the Court should approve the general release of claims in this case. Defendants noted that they agreed to resolve this matter very early in the case, before they responded to the Complaint, despite the possibility of meritorious defenses to the lawsuit, including that the vast majority of plaintiff's alleged unpaid overtime hours were performed outside of the three-year statute of limitations provided under the FLSA. Moreover, defendants indicated that they may not have agreed to the settlement for $14,000, which amounted to the vast majority of the damages to which plaintiff claimed to be entitled, unless they received a global

resolution of any issues that may have arisen during plaintiff's employment.

To the extent that the Second Circuit in Cheeks held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect," Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 206 (emphasis added), there is no corresponding approval requirement for the parties' settlement of plaintiff's claims for which she would only be entitled to recovery under the NYLL. Here, the Court notes that the vast majority of plaintiff's damages accrued outside of the FLSA limitations period, such that plaintiff would only be permitted to recover the majority of her damages under her NYLL claims. Indeed, the Complaint was filed on January 24, 2017; thus, plaintiff would only be permitted to recover unpaid overtime wages under the FLSA for hours worked after January 24, 2014. Plaintiff concedes that she performed at least 1,365.25 hours of the approximately 1,400 hours for which she seeks unpaid overtime compensation prior to August 2013, leaving at most approximately thirty-five (35) hours for which she seeks recovery under the FLSA. (Pl.'s Ltr. at 2).

As the Court discussed in its prior Order, "[t]he overwhelming weight of authority in this district supports finding releases of "practically all claims, including claims arising under theories of liability not alleged in this action," to be "far too sweeping to be fair and reasonable." (Order at 2-3 (citing cases)). Broad releases are particularly concerning in the FLSA context, given that courts "have a duty to police unequal bargaining power between employees and employers." Batres v. Valente Landscaping Inc., No. 14 CV 1434, 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 15, 2016) (citing Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016)). "Judicial distaste for overbroad releases has been especially pronounced where 'the releases were

not mutual and protected only the defendants.'" Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d at 344 (quoting Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13 CV 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)). Nevertheless, courts in this circuit have approved mutual general releases of claims in some limited circumstances. For example, the court in Lopez indicated that it would approve a mutual release of claims where the case was not a class action, such that class members with no bargaining power over the settlement terms would not be bound by the release, and where the plaintiffs were no longer employed by the defendants, reducing the risk that the release was procured through improper pressure. Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d at 344-45 (citing Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5-6 (S.D.N.Y. Nov. 6, 2015)). However, the Lopez court refused to approve a settlement agreement with a one-way general release of claims which, "releas[ed] plaintiffs' claims against defendants (and others) but le[ft] defendants free to sue plaintiffs on any claim not barred by the principles of res judicata." Id. at 345.

Here, the Court finds that, notwithstanding defendants' arguments to the contrary, the circumstances in this case are not so unique or extraordinary so as to justify a departure from the general rule in this circuit that one-way general releases of claims will not be approved. However, given the relatively small number of hours implicated by plaintiff's FLSA claims, the early stage at which the case settled, the fact that plaintiff is no longer employed by defendant, and that this is not a class action, the Court would approve a revised settlement agreement that contained a mutual release of claims.

Accordingly, having reviewed the parties' submission and the Settlement Agreement, and having conducted a fairness hearing with the parties, the Court finds that the settlement, with the

6

exception of the general release of claims as explained above, and the amount allocated to attorneys' fees as indicated in the Settlement Agreement, are fair and reasonable under all of the factors. The parties are directed to file a revised settlement agreement containing a mutual release of claims by June 23, 2017, at which time the Court will approve the proposed settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 13, 2017

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York