# *NAYDENSKIY LAW GROUP, P.C.*

*1517 Voorhies Ave, 2ⁿᵈ Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224*

June 27, 2017

**BY ECF**

**Honorable Magistrate Judge Cheryl L. Pollak**
**United States Magistrate Judge**
**Eastern District of New York**
**225 Cadman Plaza E,**
**Brooklyn, NY 11201**

RE:    *Severina v. S.Y.M INC, et. al. (17-CV-00382) (PKC)(CLP)*

**LETTER**

Dear Honorable Magistrate Judge Pollak:

In accordance with Your Honor's June 14, 2017 Order, the Parties jointly submit a

revised, fully executed settlement agreement (attached herein as Exhibit A). This agreement

incorporates the revisions specified in Your Honor's Order. We ask that the Court approve this

revised settlement agreement.

We thank the Court for its attention to this matter.

NAYDENSKIY LAW GROUP, P.C.

_____s/_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2ⁿᵈ Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff*

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY AGREED BY AND AMONG,** G A N A  SEVERINA ("Plaintiff") and

S.Y.M INC, TKM KINGS HIGHWAY, LLC., and YIANNIS MALLAS (collectively,

"Defendants") (collectively, Plaintiff and Defendants shall be referred to as the "Parties") as

follows:

**WHEREAS**,  Plaintiff commenced an action in United States District Court, Eastern

District of New York on January 24, 2017 styled as *G A N A  SEVERINA v.  S.Y.M INC, TKM*

*KINGS HIGHWAY, LLC., and YIANNIS MALLAS*, Index No. 17-cv-00382 (hereinafter the

"Action") in which she has asserted various claims and avers she is entitled to alleged overtime

payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law

("NYLL"), as well as compensation for wage statement and notice violations under the NYLL;

and

**WHEREAS**, Defendants deny all of the material allegations asserted by Plaintiff

and deny and continue to deny that it has violated any law, rule or  regulation or committed

any wrong whatsoever against the Plaintiff; and

**WHEREAS**, Plaintiff and Defendants, in good faith, have agreed to avoid the time,

expense and effort of engaging in further litigation by resolving all of their disputes by

entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE**, the Plaintiff and the Defendants hereby agree, for the

consideration and upon the terms set forth in this Agreement, as follows:

1.      In full, final and complete settlement of the claims asserted in the Action

including any and all claims for unpaid  wages, overtime pay, wage statement and notice

requirements, liquidated damages, penalties, interest and any  and all other claims and

1

H:\Severina - Edits.docx

potential claims asserted by the Plaintiff, including attorneys' fees and costs,  Defendant

hereby agrees to cause to be paid to the Plaintiff the sum of Fourteen Thousand Dollars

($14,000, the "Settlement Sum") as follows:

(a)     Within 10 days after Court Approval of the Settlement Agreement Defendants

will remit the following payment:

    i.   G A N A  SEVERINA –one check in the amount of $5,062.50 minus the lawful deductions via

       W2 and a second check in the amount of $5,062.50 via Form 1099. G A N A  SEVERINA shall

       execute and return a W9 with this agreement.

    ii.   NAYDENSKIY LAW GROUP -  Three Thousand Eight Hundred Seventy-Five Dollars

($3,875) for reasonable legal fees and costs.

2.     Upon full execution of this Agreement and payment of the Settlement Sum

(defined above in ¶ 1), the Parties shall dismiss with prejudice the Action by filing a Stipulation

of Dismissal With Prejudice (the "Stipulation of Dismissal").  Plaintiff affirms that she has not

instituted an complaint, suit, action, charge or other legal proceeding against Defendants

(including their current or former owners, officers, directors, partners, shareholders, board

members, trustees, commissioners, employees, agents, parent corporations, subsidiary

corporations, wholly owned companies, affiliates and divisions, and their predecessors,

successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, agents,

representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and

administrators, in their respective capacities as such (collectively referred to hereinafter as

"Releasees") other than the Action

3.     In return for the consideration described above, Releasor and Employer hereby

release and forever discharge each other, their agents, employees, successors, and assigns, and all

2

DocuSign Envelope ID: 83CDBC09-4FB7-4A68-99B6-5ED0E690F280

affiliated business entities, in their respective capacities as such, from any and all claims, causes

of action, suits, back-wages, benefits, attorneys' fees, debts, sums of money, accounts,

reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises,

variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and

demands whatsoever, in law, or equity, of any and every kind, nature and character, known or

unknown, arising out of Releasor's employment with Employer and the payment of wages to her,

which against each other, their heirs, executors, administrators, agents, successors, and assigns,

in their respective capacities as such, ever had, may now have or hereafter can, shall or may have

for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to,

those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws

and/or regulations, contract or tort laws, including, but not limited to:

- all Claims arising out of Releasor's employment/attempted employment with

  Releasee and/or receipt of premises from Releasee, alleging:  unlawful detention

  of property, conversion;  breach of promise, breach of contract or implied

  contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel;

  unjust enrichment; quantum meruit; conversion; negligence; recklessness or

  otherwise arising under any common law theory or in tort, contract or quasi-

  contract, whether in law or equity, concerning wages or loss of property;

- all Claims arising under or concerning: *The Fair Labor Standards Act,* 29 U.S.C.

  § 201 et seq. *Article 6 or Sections 190-198 of New York Labor Law*, *The Lily*

  *Ledbetter Fair Pay Act, the Equal Pay Act* and any similar federal law or law of

  any state or locality; whether as an employee or independent contractor; any

  costs, damages, interest, liquidated damages or attorneys' fees relating to any such

3

alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards;

- all Claims for: fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

- all Claims arising out of Releasor's employment/attempted employment with Releasee, for: costs, fees or attorneys' fees (other than as provided for above); payment of income and employment taxes, except as to taxes withheld for Releasor's benefit pursuant to paragraph 1 above; and any other Claims arising or accruing up to the date each party hereto signs this Agreement as the result of any cause, matter or thing, of any kind or nature, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement.

- All Claims, whether known or unknown, against each other from the beginning of time to the effective date the agreement herein, including but not limited to, attorney fees. Plaintiff understands and agrees that she has been advised to consult with her own attorney before signing this Agreement, and that she has done so by consulting Gennady Naydenskiy, Esq. of the Naydenskiy Law Group, P.C.

4. Plaintiff, who is no longer employed by Defendants, waives any right to

4

H:\Severina - Edits.docx

reinstatement and agrees further that she will not knowingly seek employment with Defendants in the future, including, but not limited to, regular, temporary, contract or consulting employment.

5.      By entering into this Agreement, none of the Parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

6.      If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

H:\Severina - Edits.docx

7.      The Parties agree that the United States District Court, Eastern District of New York shall retain Jurisdiction for all purposes. Plaintiff may re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

8.      In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

9.      By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

10.     This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

11.     This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

12.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

13.     For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

6

H:\Severina - Edits.docx

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Evangelos Michailidis, Duane Morris, LLP., 1540 Broadway, New York NY, 10036.


Date:  6/22/2017

DocuSigned by:

*anna Severina*

EED128CEB01C409...

GANA SEVERINA


Date:                                                      Date:

_____                    _____

S.Y.M, INC.                                                TKM KINGS HIGHWAY, LLC.


By:_____            By:_____


Date:

_____

YIANNIS MALLAS

7

H:\Severina - Edits.docx

DocuSign Envelope ID: 83CDBC99-4FB7-4A68-99B6-5ED0E690F280

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave,

2ⁿᵈ Fl., Brooklyn, NY, 11235.

For Defendant(s): Evangelos Michailidis, Duane Morris, LLP., 1540 Broadway, New

York NY, 10036.

Date: 6/22/2017

DocuSigned by:

*Anna Severina*

EED128CEB01C409...

GANA SEVERINA

Date: 6-27-2017            Date: 6-27-2017

_____     _____

S.Y.M, INC.                    TKM KINGS HIGHWAY, LLC.

By:_____     By:_____

Date: 6-27-2017

YIANNIS MALLAS

H:\Severina - Edits.docx